IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC,<br><br>                Plaintiff,<br><br>v.<br><br>VMWARE, INC.,<br><br>                Defendant. | Civil Case No. 13-1451-SLR<br><br>**JURY TRIAL DEMANDED** |

### VMWARE, INC.'S ANSWER TO DATA SPEED TECHNOLOGY LLC'S COMPLAINT FOR PATENT INFRINGEMENT, DEFENSES, AND COUNTERCLAIMS

Defendant VMware, Inc. ("VMware"), submits the following Answer to the Complaint of Plaintiff Data Speed Technology LLC ("Data Speed").

### BACKGROUND

1. VMware admits that the U.S. Patent and Trademark Office issued U.S. Patent No. 5,867,686 (the "'686 patent") on February 2, 1999. VMware further admits that, on its face, the '686 patent states that it is a continuation of Ser. No. 151,063 filed on November 9, 1993. Except as expressly stated herein, VMware lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph of the Complaint, and on that basis denies them.

### PARTIES

2. VMware lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph of the Complaint, and on that basis denies them.

3. VMware admits that it is a Delaware corporation having its principal place of

business at 3401 Hillview Avenue, Palo Alto, CA 94304. VMware admits that it may be served via its registered agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware 19801.

## JURISDICTION AND VENUE

4. VMware admits that 28 U.S.C. §§ 1331 and 1338(a) provides for subject matter jurisdiction. VMware denies that it has committed any acts of infringement in this or any other judicial district. Except as expressly admitted herein, VMware denies the remaining allegations of this paragraph.

5. VMware admits that this Court has personal jurisdiction over VMware. VMware denies that it has committed acts of infringement in the District of Delaware or any other judicial district. Except as expressly admitted herein, VMware denies the remaining allegations of this paragraph.

6. VMware admits that venue is authorized in this district under 28 U.S.C. §§ 1391(c) and 1400(b). VMware denies that the District of Delaware is a proper and convenient venue for this dispute. Except as expressly admitted herein, VMware denies the remaining allegations of this paragraph.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,867,686

7. VMware admits that the '686 patent was attached to the Complaint as Exhibit A. Except as expressly admitted herein, VMware lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

8. VMware denies the allegations of this paragraph.

9. VMware denies the allegations of this paragraph.

10. VMware denies the allegations of this paragraph.

11. VMware denies the allegations of this paragraph.

12. VMware denies the allegations of this paragraph.

## PRAYER FOR RELIEF

VMware incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. VMware denies that Data Speed is entitled to any relief in this action either as requested in the Complaint or otherwise. Data Speed's request for relief does not require an admission or denial.

## JURY TRIAL DEMAND

Data Speed's request for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure does not require an admission or denial. Pursuant to Rule 38, VMware also demands a trial by jury on all issues and claims triable as such.

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, and without altering any burden of proof, VMware alleges the following:

### FIRST DEFENSE
### (Failure to State a Claim)

1. Data Speed's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Lack of Standing)

2. Data Speed is not the owner of all substantial rights to the '686 patent and therefore lacks standing to bring this action.

### THIRD DEFENSE
### (Non-infringement)

3. VMware does not infringe and has not infringed, directly or indirectly, any valid and enforceable claims of the '686 patent.

## FOURTH DEFENSE
### (Invalidity)

4. The claims of the '686 patent are invalid because one or more claims fail to comply with the requirements for patentability set forth in 35 U.S.C. § 100 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or obvious in view of the prior art; and/or is not adequately supported by the written description of the patented invention.

## FIFTH DEFENSE
### (Equitable Defenses)

5. The claims Data Speed asserts against VMware are barred, in whole or in part, by the principles and doctrines of acquiescence, equitable estoppel, unclean hands, laches, and/or waiver.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

6. Data Speed is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE
### (Limitation on Damages)

7. Data Speed is barred or limited from recovery under 35 U.S.C. §§ 286, 287, and/or 288.

## EIGHTH DEFENSE
### (Failure to Provide Notice)

8. Data Speed is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by VMware to the extent that Data Speed has not complied with the notice requirements of 35 U.S.C. § 287.

## OTHER DEFENSES

9.      VMware specifically reserves the right to assert any and all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or equity, that may now exist or that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS

Counterclaim-Plaintiff VMware, in support of its Counterclaims against Counterclaim-Defendant Data Speed, hereby alleges:

1. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, that the '686 patent is not infringed by VMware or is invalid or both.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Data Speed by virtue of Data Speed having brought this lawsuit in this forum.

4. Data Speed alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). VMware contests that this district is a convenient forum for this action.

5. The filing of Data Speed's Complaint creates an actual controversy between Data Speed and VMware regarding the validity and alleged infringement of the '686 patent.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement)

6. VMware does not and has not infringed, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any valid and enforceable claim of the '686 patent.

### SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity)

7. The claims of the '686 patent are invalid for failure to comply with one or more conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, VMware respectfully requests that this Court:

A. Dismiss the Complaint with prejudice;

B.   Enter an order declaring that VMware has not infringed and is not currently infringing, either directly, contributorily, or through inducement, any asserted, valid, and enforceable claim of the '686 patent;

C.   Enter an order declaring that each of the claims of the '686 patent is invalid;

D.   Award VMware attorneys' fees, because this case is exceptional within the provisions of 35 U.S.C. § 285;

E.   Award VMware its costs; and

F.   Award VMware such other relief as the Court deems just and proper.

          YOUNG CONAWAY STARGATT
            & TAYLOR, LLP

OF COUNSEL:

Brooks M. Beard
Richard S.J. Hung
Danielle Coleman
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000

/s/ Pilar G. Kraman

Elena C. Norman (No. 4780)
Pilar G. Kraman (No. 5199)
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
pkraman@ycst.com

Dated:  October 10, 2013

*Attorneys for Defendant VMware, Inc.*

01:14216140.1

sf-3337817

**CERTIFICATE OF SERVICE**

I, Pilar G. Kraman, Esquire, hereby certify that on October 10, 2013, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk *(rkirk@bayardlaw.com)*
>Stephen B. Brauerman *(sbrauerman@bayardlaw.com)*
>Vanessa R. Tiradentes (*vtiradentes@bayardlaw.com*)
>BAYARD, P.A.
>222 Delaware Avenue, Suite 900
>P.O. Box 25130
>Wilmington, DE 19899-5130
>
>*Attorneys for Plaintiff*

I further certify that on October 10, 2013, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following:

>Alexander C.D. Giza (*agiza@raklaw.com*)
>Marc A. Fenster (*mfenster@raklaw.com*)
>Dorian S. Berger (*dberger@raklaw.com*)
>RUSS AUGUST & KABAT
>12424 Wilshire Boulevard, 12th Floor
>Los Angeles, CA 90025

>YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> /s/ *Pilar G. Kraman*
>Elena C. Norman (No. 4780)
>Pilar G. Kraman (No. 5199)
>Rodney Square
>1000 North King Street
>Wilmington, Delaware 19801
>enorman@ycst.com
>pkraman@ycst.com
>
>*Attorneys for Defendant VMware, Inc.*